IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT ANDREW GUTIERREZ,

    Plaintiff,

vs.                                                                          No. CIV 19-0648 JB\SCY

STATE OF NEW MEXICO CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Complaint (Tort), filed July 16, 2019 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Order on Application for Free Process, filed July 16, 2019 (Doc. 2)("Motion"). Plaintiff Albert Andrew Gutierrez alleges that the New Mexico Corrections Department is using him as a human robot. Having carefully reviewed the matter under 28 U.S.C. § 1915, the Court will grant the Motion, but dismiss the Complaint with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Gutierrez filed the Complaint on July 16, 2019. See Complaint at 1. He is incarcerated at the Central New Mexico Correctional Facility ("CNMCF"). See Complaint at 4. He alleges that, during his time at CNMCF, he is "[b]eing [a] human robot and [is sustaining] damages from signals." Complaint at 1. The Complaint further alleges:

> I was sentance [sic] under a milatry [sic] satilite [sic] an nothing was investigated and I got in trouble because of being human roboted [sic] and there are law [e]nforcement that was doing the same thing to me and other group I think Kirkland Air Force Base and FBI should look in to this matter and we can go from there I'm asking for a remote nutrlized [sic] monitoring system with their Kirtland Air Force Officer's to look in to this please and to let the prison know other divices [sic] are hitting me from a group of people and nothing has been dunn [sic] why or look in to.

Complaint at 2. The Prayer for Relief requests: "a settalment [sic] in this matter for being hurt injurd [sic] and murdered while incarsrortion [sic] and roboted [sic] loss of time with loved one health issue and and [sic] settelment [sic] in this matter." Complaint at 3. Those allegations represent the entirety of the Complaint. On July 16, 2019, Gutierrez also filed the Motion, which the Court construes as a motion to proceed in forma pauperis. See Motion at 1-2.

## **LAW REGARDING REVIEW OF PRISONER COMPLAINTS**

Title 28 of the United States Code § 1915A imposes a mandatory obligation on district courts to screen "before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section "1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officers, or employee." Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000). On review, the court must dismiss the action if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The standards under rule 12(b)(6) of the Federal Rules of Civil Procedure guide review

---

[1]Congress defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Gutierrez was incarcerated when he filed the Complaint and is still incarcerated. He is therefore a prisoner as § 1915A defines that term. See Brown v. Eppler, 725 F.3d 1221, 1230 (10th Cir. 2013)(holding that the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended in scattered sections of 28 U.S.C. and 42 U.S.C.), applies to individuals who are incarcerated at the time of filing).

under § 1915A.  See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).  To resist dismissal under that rule, the plaintiff must frame a complaint that contains sufficient facts, "accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  Section 1915A expands this inquiry, however, by granting courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims" that are belied by the record.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See Lee v. Maye, 589 F. App'x 416 (10th Cir. 2015)(unpublished)(applying Neitzke v. Williams to § 1915A).[2]

Where the prisoner is proceeding pro se, the "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935

---

[2]Lee v. Maye is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored.  However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court concludes that Lee v. Maye, Blackburn v. Department of Corrections, 172 F.3d 62, 1999 WL 94912 (10th Cir. 1999)(unpublished table opinion), Jordan v. Doe, 15 F. App'x 564 (10th Cir. 2001)(unpublished), Murray v. United States, 475 F. App'x 311 (10th Cir. 2012)(unpublished), Thibeaux v. Cain, 448 F. App'x 863 (10th Cir. 2012)(unpublished), Flores v. United States Attorney General, 442 F. App'x 383 (10th Cir. 2011)(unpublished), Kersh v. Smeler, 390 F. App'x 836 (10th Cir. 2010)(unpublished), and Owens-El v. Pugh, 16 F. App'x 878 (10th Cir. 2001)(unpublished), have persuasive value with respect to a material issue, and will assist the court in its disposition of this Memorandum Opinion and Order.

F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

Finally, in deciding whether to dismiss the complaint on screening, the court must consider whether to allow the plaintiff an opportunity to amend the complaint. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Leave to amend should be freely given "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements." Reynoldson v. Shillinger, 907 F.2d at 126. The court need not grant leave to amend, however, if any amended claims would also be subject to immediate dismissal under rule 12(b)(6) or § 1915A. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004); Hall v. Bellmon, 935 F.2d at 1109.

## **LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive

rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to

*Bivens*[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The

---

[3]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concluded that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials

liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## **ANALYSIS**

As an initial matter, the Court determines Gutierrez is eligible to proceed in forma pauperis. Such relief is available when a prisoner demonstrates he "is unable to pay [the $400.00 filing] fee[] or give security therefor." 28 U.S.C. § 1915(a)(1). Construed liberally in accordance with Gutierrez' pro se status, the Motion meets this standard. Plaintiff recites his annual gross income is below the federal poverty guidelines and may be as low as $10.00. See Motion at 1. The Court therefore will grant the Motion.

Regarding Gutierrez' Complaint, the Court determines it does not state a claim upon which relief can be granted, for two reasons. First, the Tenth Circuit has held that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." Blackburn v. Dep't of Corr., 172 F.3d 62, 1999 WL 94912, at *1 (10th Cir. 1999)(unpublished table opinion). See Jordan v. Doe, 15 F. App'x 564, 565-66 (10th Cir. 2001)(unpublished)(same). Moreover, even if the Complaint named a person subject to suit, the allegation that Gutierrez is being used as a human robot, via unknown radio signals, is not cognizable under any state or federal law. See, e.g., Murray v. United States, 475 F. App'x 311, 312 (10th Cir. 2012)(unpublished)(determining that

complaint alleging various conspiracies by the government, including the use of satellites to damage the plaintiff's reproductive system, was properly dismissed as frivolous); Thibeaux v. Cain, 448 F. App'x 863, 864 (10th Cir. 2012)(unpublished)(affirming dismissal of pro se lawsuit alleging that a wire had been implanted in plaintiff's body to monitor his thoughts was factually frivolous); Flores v. U.S. Att'y Gen., 442 F. App'x 383, 384-85 (10th Cir. 2011)(unpublished)(affirming § 1915(e)(2) dismissal of civil rights complaint alleging that the government used outer space satellites to torture plaintiff and his family members); Kersh v. Smeler, 390 F. App'x 836, 836 (10th Cir. 2010)(unpublished)(affirming dismissal of habeas petition where petitioner alleged an "invisible human robot conspiracy" (alteration omitted)); Owens-El v. Pugh, 16 F. App'x 878, 879 (10th Cir. 2001)(unpublished)(affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device). The Court therefore will dismiss the Complaint under § 1915, which "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions . . . describ[e] fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. at 327-28.

**IT IS ORDERED** that: (i) the Plaintiff's Order on Application for Free Process, filed July 16, 2019 (Doc. 2), construed as a motion to proceed in forma pauperis, is granted; (ii) the Plaintiff's Complaint (Tort), filed July 16, 2019 (Doc. 1), is dismissed with prejudice; and (iii) a separate Final Judgment will be entered disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Albert Andrew Gutierrez
Central New Mexico Correctional Facility
Los Lunas, New Mexico

    *Plaintiff pro se*