IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT ANDREW GUTIERREZ,

    Plaintiff,

vs.                                                                                                         No. CIV 19-0648 JB\SCY

STATE OF NEW MEXICO CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Investigate Case, filed October 31, 2019 (Doc. 6)("Motion"). Plaintiff, Albert Andrew Gutierrez, seeks relief from the Memorandum Opinion and Order, filed July 30, 2019 (Doc. 4)("MOO"), and Final Judgment, entered July 30, 2019 ("Judgment"). In that ruling, the Court dismissed Gutierrez' New Mexico Tort Claims Act Complaint, filed on July 16, 2016, with prejudice. See Complaint (Tort), filed July 16, 2016 (Doc. 1)("Complaint"). The Complaint alleges that the New Mexico Corrections Department is using Gutierrez as a human robot. Specifically, Gutierrez alleges:

> I was sentence [sic] under a milatry [sic] satilite [sic] an nothing was investigated and I got in trouble because of being human roboted [sic] and there are law enforcement that was doing the same thing to me and other ground I think Kirkland Air Force Base and FBI should look in to this matter and we can go from there I'm asking for a remote nutrilized [sic] monitoring system with their Kirtland Air Force Officer's to look in to this plea and to let the prison know other divices [sic] are hitting me from a group of people and nothing has been dunn [sic] why or look in to.

Complaint at ¶ 5. The Prayer for Relief requests: "a settlement in this matter for being hurt injured and murdered while incarsortion [sic] and roboted [sic] loss of time with loved one Health

issue and settlement in this matter." Complaint at ¶ 5.

The MOO observed that the Complaint fails to state a cognizable claim, for two reasons. To the extent Gutierrez intends to raise a constitutional violation, the United States Court of Appeals for the Tenth Circuit has held that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." Blackburn v. Dep't of Corr., 172 F.3d 62, 1999 WL 94912, at *1 (10th Cir. 1999)(unpublished table opinion). See Jordan v. Doe, 15 Fed. App'x 564, 566 (10th Cir. 2001)(unpublished)(same). Moreover, the claim that Gutierrez is being used as a human robot, via unknown radio signals, is not cognizable under any state or federal law. See, e.g., Kersh v. Smeler, 390 Fed. App'x 836 (10th Cir. 2010)(unpublished)(affirming dismissal of habeas petition where petitioner alleged an "invisible human robot conspiracy"); Owens–El v. Pugh, 16 Fed.Appx. 878 (10th Cir. 2001)(unpublished)(affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device); Thibeaux v. Cain, 448 Fed.Appx. 863, 864 (10th Cir. 2012)(unpublished)(involving pro se lawsuit alleging that a wire had been implanted in plaintiff's body to monitor his thoughts was factually frivolous); Flores v. U.S. Atty. Gen., 442 Fed. App'x. 383 (10th Cir. 2011)(unpublished)(affirming § 1915(e)(2) dismissal of civil rights complaint alleging that the government used outer space satellites to torture plaintiff and his family members); Murray v. United States, 475 Fed. App'x. 311, 312 (10th Cir. 2012)(unpublished)(involving complaint alleging various conspiracies by the government, including the use of satellites to damage the plaintiff's reproductive system, and concluding the claims were properly dismissed as frivolous). The Court entered the Judgment of dismissal pursuant to 28 U.S.C. § 1915, which "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

those claims whose factual contentions . . . describe[e] fantastic or delusional scenarios" Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Gutierrez filed this Motion over three months after the Court entered Judgment, on October 31, 2019.  See Motion at 1.  The Court must therefore analyze the Motion under rule 60(b) of the Federal Rules of Civil Procedure.  See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).  As relevant here, rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud.  See Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."  However, rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief."  Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

None of the above circumstances exist in this case.  The Motion consists of one paragraph, in which Gutierrez again asks the Court to investigate his human-robot allegations:

> I ask the Court to investgate [sic] with FBI and Kirtland [sic] Air Force[.]  The facts are that I'm being human roboted and murdered By Direct Enery [sic] Weppons [sic] "DeWs[.]"  I ask you [to] look in to this matter[;] please look while it's happening.  We and my family know and have prouph [sic] we as [sic] I can show provide facts in this matter I'm writting [sic] you all.  To ask Kirtland [sic].

Motion at 1.  The second page of the Motion attaches a Document Summary Page citing the MOO and Judgment.  See Motion at 2.  A post-judgment motion may not rehash issues that the Court already addressed, or present new arguments that the party could have raised in earlier filings.  See Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992)(explaining that a party may not invoke Rule 60(b) to revisit issues already addressed or "advanc[e] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed").  Accordingly, the Court will not revisit

Gutierrez' human-robot arguments, nor will it set aside the Judgment to consider his new allegation that Kirkland Air Force Base is "murdering" him with mind control devices. Gutierrez does not establish grounds for relief under rule 60(b), and the Court will deny the Motion.

**IT IS ORDERED** that the Plaintiff's Motion to Investigate Case, filed October 31, 2019 (Doc. 6) is denied.

_____
UNITED STATES DISTRICT JUDGE

Parties:

Albert Andrew Gutierrez, # 61418
Central New Mexico Correctional Facility
Los Lunas, New Mexico

*Pro Se Plaintiff*